UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HARLYS DANIEL ROSARIO
CANTILLO,

                    Petitioner,

        v.

WARDEN NORTHWEST DETENTION
CENTER et al.,

                    Respondents.

CASE NO. 2:26-cv-00575-DGE

ORDER REGARDING NEXT
FRIEND STANDING AND
PROCEEDING WITH ATTORNEY
(DKT. NO. 5)

On February 17, 2026, Kerllys Arteta, seeking to act as "next friend," filed a petition for writ of habeas corpus on behalf of her husband, Petitioner Harlys Rosario Cantillo.  (Dkt. No. 1.) The Court ordered that a formal motion establishing Arteta meets the requirements to proceed as a "next friend" be filed before the Court would take further action on this matter.  (Dkt. No. 4.) On February 23, 2026, Arteta filed a motion for leave to proceed as "next friend" on behalf of Petitioner.  (Dkt. No. 5.)  Arteta states Petitioner is her husband and the father of her child, she maintains regular communication with him, and she is fully aware of his legal circumstances and detention status.  (*Id.* at 2.)  Arteta explains that Petitioner could not appear on his own behalf

ORDER REGARDING NEXT FRIEND STANDING AND PROCEEDING WITH ATTORNEY (DKT. NO. 5) - 1

because he "has been subject to multiple detention transfers that made it impossible for him to access legal documents or sign filings in a timely manner," and due to these circumstances Arteta and Petitioner "agreed during [their] last communication that [Arteta] would sign and file on his behalf." (*Id.* at 2–3.)

A third party may file a petition for a writ of habeas corpus on behalf of a prisoner only when that third party has standing as a "next friend." *United States v. Castle*, Case No. 2:15-cr-0190 KJM DB P, 2022 WL 16836743 at * 1 (E.D. Cal. Nov. 9, 2022). There are two "firmly rooted prerequisites" for "next friend" standing:

> "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest."

*Dennis ex rel. Butko v. Budge*, 378 F.3d 880, 888 (9th Cir. 2004) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163–164 (1990)). The "burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify jurisdiction of the court." *Whitmore*, 495 U.S. at 164.

"[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases); *see also Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.'") (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)); *C.E. Pope Equity Trust*, 818 F.2d at 697 ("Although a non-attorney may appear *in propia persona* in his own behalf, that privilege is personal to him."). "Although the federal habeas corpus statute permits a 'next friend' to pursue a habeas action on behalf of another in certain circumstances, *see* 28 U.S.C. § 2246, the statute does not authorize the 'next friend' to

ORDER REGARDING NEXT FRIEND STANDING AND PROCEEDING WITH ATTORNEY (DKT. NO. 5) - 2

proceed without an attorney." *United States v. Caputo*, No. 1:14-cr-00041-JLT-SKO-1, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023) (citing *Lovett v. Adams*, No. EDCV 18-00338-MWF (E), 2018 WL 3239939, at *1 (C.D. Cal. June 28, 2018).

Even assuming Arteta qualifies for "next friend" status, which would permit her to file a petition on Petitioner's behalf, it does not allow her to prosecute this action *pro se* on her husband's behalf. Therefore, either (1) Arteta must secure licensed counsel to proceed, or (2) Petitioner must notify the Court that he will appear on his own behalf to prosecute this habeas action. Otherwise, the petition will be dismissed without prejudice.

The Court hereby ORDERS:

1. Within **FORTY-FIVE (45) days** from the date of service of this order, ___**EITHER**___

    a. Petitioner must notify the court in writing that (1) his wife filed the petition for writ of habeas corpus (Dkt. No. 1) with his knowledge and permission; (2) he declares under penalty of perjury that the contents of the petition are true and correct; and (3) going forward, he will appear on his own behalf to prosecute this habeas action; ___**OR**___

    b. Arteta must secure licensed counsel and said counsel shall file a notice of appearance in this matter.

2. The Clerk is directed to (1) send Petitioner a copy of the petition (Dkt. No. 1) along with this order and (2) send Arteta a copy of this order at the address listed in Dkt. No. 5 at 4.

3. Failure to comply with this Order will result in a dismissal without prejudice.

The Clerk is directed to calendar this event.

ORDER REGARDING NEXT FRIEND STANDING AND PROCEEDING WITH ATTORNEY (DKT. NO. 5) - 3

Dated this 27th day of February, 2026.

David G. Estudillo
United States District Judge