UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HARLYS DANIEL ROSARIO CANTILLO,

               Petitioner,

   v.

WARDEN NORTHWEST DETENTION CENTER et al.,

               Respondents.

CASE NO. 2:26-cv-00575-DGE

ORDER ON MOTION TO APPOINT COUNSEL (DKT. NO. 8) AND EMERGENCY MOTION TO EXPEDITE HABEAS CORPUS PROCEEDINGS (DKT. NO. 9)

On February 17, 2026, Kerllys Arteta filed a petition for writ of habeas corpus on behalf of her husband, Harlys Rosario Cantillo, who is currently detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC"). (Dkt. No. 1.) On February 27, 2026, the Court ordered that within forty-five days, Petitioner must either notify the Court in writing that he will appear on his own behalf to prosecute this habeas action or Arteta must secure licensed counsel and because Arteta may not prosecute this action *pro se* on her husband's behalf. (Dkt. No. 6.) On March 9, 2026, the Court received a declaration from Petitioner

ORDER ON MOTION TO APPOINT COUNSEL (DKT. NO. 8) AND EMERGENCY MOTION TO EXPEDITE HABEAS CORPUS PROCEEDINGS (DKT. NO. 9) - 1

authorizing his wife to file a habeas petition on his behalf and acknowledging he would represent himself moving forward unless and until counsel is appointed.  (Dkt. No. 7.)

Petitioner subsequently filed an "Emergency Motion to Expedite Habeas Corpus Proceedings and Motion for Immediate Release Pending Review."  (Dkt. No. 9.)  Petitioner seeks to expedite adjudication of his pending petition for writ of habeas corpus, require the government to file a response to the pending petition within 24 to 48 hours, and obtain immediate release pending review.  (*Id.* at 1.)  The Court DENIES Petitioner's motion to expedite proceedings (Dkt. No. 9) and has instead issued its standard scheduling order (Dkt. No. 10) for habeas petitioner pursuant to General Order 10-25 found at https://www.wawd.uscourts.gov/sites/wawd/files/General%20Order%2010-25%20re%20Immigration%20Habeas.1.pdf.  General Order 10-25 was entered on December 18, 2025 after consultation and cooperation by various stakeholders, including the U.S. Attorney's Office, the Federal Defender's Office, and the Northwest Immigrant Rights Project.  Petitioner provides and the Court finds no basis to require a different return and traverse schedule than that already identified in the scheduling order.[1]

Also pending before the Court is Petitioner's motion for appointment of counsel.  (Dkt. No. 8.)  There currently exists no absolute right to appointment of counsel in habeas proceedings. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958).  However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require."  To determine whether to appoint counsel, the "court must evaluate the likelihood of

---

[1] Respondents' return is due March 23, 2026, and Petitioner's reply is due March 30, 2026. (Dkt. No. 10.)

ORDER ON MOTION TO APPOINT COUNSEL (DKT. NO. 8) AND EMERGENCY MOTION TO EXPEDITE HABEAS CORPUS PROCEEDINGS (DKT. NO. 9) - 2

success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). At present, the information alleged in the petition is too limited for the Court to evaluate the likelihood of success on the merits. The Court therefore is unable to appoint counsel at this time. Nonetheless, the Court will refer this matter to the Federal Public Defender for review. If the Federal Public Defender finds a basis to pursue Petitioner's claim, it may then work with Petitioner to prepare and file the proper financial eligibility documents and seek leave to appear on behalf of Petitioner.

Accordingly, the Court hereby ORDERS:

1. Petitioner's motion for expedited habeas proceedings (Dkt. No. 9) is DENIED.

2. The Federal Public Defender is referred this matter for review. The Federal Public Defender, after its review, and if it believes this case is appropriate for it to handle, may file on behalf of Petitioner the appropriate financial eligibility documents and seek leave to appear on behalf of Petitioner.

3. The Clerk of the Court is directed to send a copy of this order, the petition (Dkt. No. 1), and Petitioner's motion for appointment of counsel (Dkt. No. 8) to the Office of the Federal Public Defender.

Dated this 10th day of March, 2026.



David G. Estudillo
United States District Judge

ORDER ON MOTION TO APPOINT COUNSEL (DKT. NO. 8) AND EMERGENCY MOTION TO EXPEDITE HABEAS CORPUS PROCEEDINGS (DKT. NO. 9) - 3