UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HARLYS DANIEL ROSARIO
CANTILLO,

                      Petitioner,

    v.

WARDEN NORTHWEST DETENTION
CENTER et al.,

                    Respondents.

CASE NO. 2:26-cv-00575-DGE

ORDER ON MOTION FOR LEAVE
TO PROCEED AS NEXT FRIEND
(DKT. NO. 5) AND MOTION FOR
APPOINTMENT OF COUNSEL
(DKT. NO. 8)

Before the Court is Kelly Arteta's motion for leave to proceed as next friend on behalf of her husband, Petitioner Harlys Rosario Cantillo (Dkt. No. 5), and Petitioner's motion for appointment of counsel (Dkt. No. 8).

On February 27, 2026, the Court ordered that within forty-five days, Petitioner was required to either (1) notify the Court in writing that he will appear on his own behalf to prosecute this habeas action or (2) have Arteta secure licensed counsel because Arteta may not prosecute this action *pro se* on her husband's behalf.  (Dkt. No. 6.)  On March 9, 2026, Petitioner filed a declaration authorizing his wife to file a habeas petition on his behalf and acknowledging

ORDER ON MOTION FOR LEAVE TO PROCEED AS NEXT FRIEND (DKT. NO. 5) AND MOTION FOR APPOINTMENT OF COUNSEL (DKT. NO. 8) - 1

he would represent himself moving forward unless and until counsel is appointed.  (Dkt. No. 7.)  Based on Petitioner's declaration that he will represent himself moving forward, the Court DENIES Arteta's motion for leave to proceed as next friend.  (Dkt. No. 5.)

Also pending before the Court is Petitioner's motion for appointment of counsel.  (Dkt. No. 8.)  There currently exists no absolute right to appointment of counsel in habeas proceedings.  *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958).  However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require."  To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  At present, the information alleged in the petition is too limited for the Court to evaluate the likelihood of success on the merits.  Nonetheless, on March 10, 2026, the Court referred the matter to the Federal Public Defender for review.  (Dkt. No. 11.)  On March 23, 2026, the Federal Public Defender filed notice that it declined to represent Petitioner in this matter.  (Dkt. No. 12.)  The Court therefore is unable to appoint counsel at this time.  Petitioner's  motion for appointment of counsel is DENIED.  (Dkt. No. 8.)

Dated this 23rd day of March, 2026.



David G. Estudillo
United States District Judge

ORDER ON MOTION FOR LEAVE TO PROCEED AS NEXT FRIEND (DKT. NO. 5) AND MOTION FOR APPOINTMENT OF COUNSEL (DKT. NO. 8) - 2